Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| ENRIQUE QUIÑONES VÁZQUEZ, SU ESPOSA JAIMYS SANTANA GONZÁLEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Recurridos<br><br>V.<br><br>COOPERATIVA DE AHORRO Y CRÉDITO DE AGUADILLA; DEMANDADOS ABC Y ASEGURADORA XYZ<br><br>Peticionarios | TA2025CE00068 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.:<br>AG2024CV01186<br><br>Sobre:<br>Sentencia Declaratoria, Petición de Injunction Preliminar y Permanente, Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de julio de 2025.

El 2 de julio de 2025 compareció ante este Tribunal de Apelaciones, la Cooperativa de Ahorro y Crédito de Aguadilla (en adelante, la Cooperativa o parte peticionaria) mediante recurso de *Certiorari*. En el mismo nos solicita que revisemos la *Resolución Interlocutoria* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 19 de mayo de 2025. En el dictamen recurrido el foro primario expresó lo siguiente:

> El 19 de mayo de 2025 se realizó Vista para determinar si el demandante estaba en Desacato por no pago de CRIM POR $13,000.00 tal lo ordenó el Tribunal. A su vez, Vista Evidenciaria sobre que parte demandante o demandado le corresponde el pago del CRIM. Luego de varios argumentos de la parte demandada se transfirió la Vista Evidenciaria para para el 27 de junio de 2025 a las 10:00 am de forma presencial. En sala se organizó el proceso de citación a posibles declarantes. En cuanto el Desacato al demandante queda en suspenso hasta adjudicar la Vista Evidenciaria.

Adelantamos que, por los fundamentos que adelante se exponen, se *deniega* la expedición del auto de *certiorari*.

**I**

El caso de marras tiene su génesis en una *Demanda* sobre Sentencia Declaratoria, Petición de Injunction Preliminar y Permanente y Daños y Perjuicios, interpuesta el 11 de julio de 2024 por el señor Enrique Quiñones Vázquez, su esposa Jaymis Santana González y la Sociedad legal de Bienes Gananciales compuesta entre ambos (en adelante, parte recurrida) en contra de la Cooperativa y otras partes codemandadas de nombres desconocidos.

En respuesta a la aludida *Demanda*, el 18 de agosto de 2024, la parte peticionaria incoó ante el foro primario *Moción Solicitando Desestimación.* Luego de celebrada una vista argumentativa por el foro recurrido, las partes lograron un acuerdo judicial, por lo que la parte recurrida desistió de su causa de acción.

Acaecidas varias incidencias procesales innecesarias pormenorizar, el 20 de noviembre de 2024, la parte peticionaria presentó ante la primera instancia judicial, *Moción Informando Cumplimiento y Solicitando Intervención del Tribunal.* En la misma le planteó al Tribunal la existencia de una deuda del CRIM que, según alegó, la parte recurrida se negaba a pagar.

El 22 de noviembre de 2024, notificada el 25 del mismo mes y año, el foro *a quo* emitió una *Resolución Interlocutoria* mediante la cual le ordenó a la parte recurrida pagar la deuda del CRIM, y que una vez satisfecha la misma, se procediera con la otorgación de la escritura de compraventa correspondiente.

El 17 de enero de 2025, la Cooperativa instó ante el foro primario *Moción Solicitando Orden bajo Apercibimiento de Desacato*, en la que recabó del Tribunal que le ordenara a la parte recurrida evidenciar el pago de la alegada deuda del CRIM, bajo apercibimiento de desacato.

En atención a lo peticionado por la Cooperativa, el 3 de febrero de 2025, notificada al día siguiente, el foro a *quo*, le ordenó a la parte recurrida que en el término de diez (10) días, evidenciara haber satisfecho el pago del CRIM, con el apercibimiento de que su inobservancia podría dar margen a realizar Vista para evaluar la posibilidad de encontrarla incursa en desacato.

Subsiguientemente, el 18 de febrero de 2025, la parte recurrida compareció ante el foro de instancia mediante *Moción Reiterando Vista Evidenciaria y Argumentativa.*

Mediante Orden del 21 de febrero de 2025, notificada al día siguiente, la primera instancia judicial dejó pendiente hasta el 8 de abril de 2024, la determinación respecto a la solicitud de desacato por el alegado incumplimiento con el pago del CRIM.

Posteriormente, el 18 de mayo de 2025, la Cooperativa interpuso ante el foro primario *Memorando de Derecho.* Celebrada una vista argumentativa el 19 de mayo de 2025, el foro *a quo* nuevamente dejó en suspenso la determinación sobre el desacato hasta tanto se llevara a cabo la vista evidenciaria.

La Cooperativa instó el 27 de mayo de 2025, *Moción Solicitando Aclaración y Reconsideración.* Mediante *Resolución Interlocutoria* del 3 de junio de 2025, notificada al día siguiente, el foro primario declaró *No Ha Lugar* a la moción de reconsideración de la Cooperativa. En lo particular, dispuso lo siguiente:

> Es la propia parte demandada quien expresó no estar preparada para realizar Vista Evidenciaria por el tribunal no citar la misma de forma expresa.
> Ahora plantea la figura de la Ley del Caso.
> Sencillo no puede encontrarse en desacato a una parte cuando est[á] en controversia si realmente le corresponde realizar el pago del CRIM. Si producto de la Vista Evidenciaria resulta le corresponde a Enrique Quiñones realizar el pago entonces se podría en derecho considerar el desacato por incumplir.
>
> A Moción de Reconsideración No Ha Lugar.

En desacuerdo con lo determinado, compareció ante este foro revisor, la parte peticionaria y esgrime los siguientes señalamientos:

Primer señalamiento de error:

Erró el TPI al dejar sin efecto, *motu proprio*, una resolución interlocutoria que había advenido final y firme, violentando así la doctrina de la *Ley del Caso* y constituyendo un abuso de discreción.

Segundo señalamiento de error:

Erró el TPI al imputar a la parte demandada la razón para no celebrar la vista evidenciaria y al caracterizar el argumento de Ley del Caso como un planteamiento nuevo.

Mediante nuestra *Resolución* del 8 de julio de 2025, le concedimos a la parte recurrida, hasta el lunes 14 de julio de 2025, para exponer su posición en cuanto al recurso de epígrafe. Le apercibimos que, transcurrido el término dispuesto, el recurso se entendería perfeccionado para su adjudicación final.

El 15 de julio de 2025, la parte peticionaria presentó *Moci[ón Informativa y Solicitud para que el Recurso se Tenga Perfeccionado sin Oposici[ó]n.* Sostuvo que, la parte recurrida no expuso su oposición en torno al recurso de epígrafe dentro del término concedido por este Tribunal. Conforme a lo anterior, solicitó que, diéramos por perfeccionado el recurso sin oposición.

Por haber decursado el término dispuesto, sin que compareciera la parte recurrida, procedemos a disponer del recurso sin el beneficio de su comparecencia.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004

(2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, [...], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848.  La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[2]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio

---

[1] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[2] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su recurso, la parte peticionaria nos plantea que incidió el foro primario al: 1) dejar sin efecto, *motu proprio,* una resolución interlocutoria que había advenido final y firme, violentando así la doctrina de la *Ley del Caso* y constituyendo un abuso de discreción y 2) al imputar a la parte demandada la razón para no celebrar la vista evidenciaria y al caracterizar el argumento de Ley del Caso como un planteamiento nuevo.

Evaluado el recurso presentado por la parte demandada peticionaria colegimos que no procede la expedición del auto solicitado.

Los señalamientos esbozados no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia. Se trata de un asunto referido a esa discreción, como foro que atiende y administra el litigio. Después de todo, son los juzgadores de primera instancia los que están en mejor posición para organizar el desarrollo del caso y pautar los procedimientos de rigor y, para ello, necesitan la más amplia flexibilidad y deferencia de los foros apelativos. Tampoco ha logrado la parte peticionaria persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Por último, aclaramos que esta determinación no es óbice que este asunto sea traído nuevamente en la apelación.

**IV**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* incoado.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones